(December 5, 1974)

■ ANDREW HUGGINS, Appellant, v. STATE OF NEW YORK et al., Respondents. (Claim No. 51146.) — Appeal from a judgment entered April 24, 1972, upon a decision of the Court of Claims, dismissing the claim. On April 3, 1969, two Narcotics Addiction Control Commission Warrant Officers proceeded to an apartment building at 1749 Amsterdam Avenue, New York City for the purpose of arresting one George Moses who they were informed was in Apartment 4-N. They knocked on the door of this apartment and announced that they were police officers looking for George Moses. Officer Dumas had his shield in his right hand to show at the peephole in the door. A female voice answered telling them to wait until she got dressed. Officer Glatsby went to the roof to make sure that George Moses was not attempting to escape by another exit. Officer Dumas continued to knock on the door and, when it was not opened after sufficient time had elapsed for someone to get dressed, he kicked at the door. In doing so, he apparently braced himself against the door of Apartment 4-S which was directly opposite 4-N and about 30 inches away. This caused the door to 4-S to shake. Claimant, the occupant of Apartment 4-S was watching television with a roommate when he heard the commotion in the hall. He went to investigate and saw his door shaking and then cease. Without looking through his peephole, he unlocked his door which was secured by a Fox Police Lock, grabbed a 12-inch pipe with an elbow on the end, and began striking the man in civilian clothes whom he saw in the hall with his back towards him. Claimant contends that he thought the man was a burglar, a burglary having occurred at his apartment several months previously. He admits having hit Officer Dumas three times, and causing a gash over the officer's left eye which required stitches. He further contends that he then saw the officer's badge and heard Dumas announce that he was a police officer, whereupon he stopped, apologized, and turned to go into his kitchen when he was shot. He also contended that this all occurred within his kitchen and that, when he fell, his entire body was within his kitchen. Officer Dumas testified that, when the door to claimant's apartment opened, he turned to announce that he was a police officer and, at this time, he was hit over the left eye; that he raised his hands to protect his face and head and proceeded backward down the hall with his shield still in his right hand; that he was struck again on the left wrist and again on the right thumb; that he retreated further down the hall and hollered for claimant to stop, but he drew his revolver and fired one shot; that as he fired, the claimant started to turn. The bullet hit the defendant in the back, entered his body at an angle and severed his spinal column and lodged in the top part of the left lung. As a result, claimant suffered a complete and permanent paralysis of the lower extremities. Claimant was arrested, charged and subsequently acquitted of obstructing governmental administration, assault, third degree, resisting arrest and possession of a dangerous weapon. This claim was brought to recover damages arising out of the alleged negligent shooting of the claimant, and for his alleged subsequent false arrest and imprisonment. The court determined that claimant failed to establish by a fair preponderance of the credible evidence freedom from contributory negligence, as well as the negligent acts of the State, and dismissed the claim. On this appeal, claimant contends that the findings of the court that the claimant failed to prove any negligence on the part of the State and failed to prove himself free from contributory

negligence, are against the weight of the evidence. No question is raised as to the propriety of the dismissal of the claim for false arrest and imprisonment. It is conceded that claimant attacked the officer without warning while armed with a pipe and, although claimant contends that the whole incident took place in his apartment, the credible evidence indicates that he pursued the officer down the hallway striking him with the pipe as he retreated, and after he had told claimant he was a police officer. Under these circumstances, the officer had the authority to resist the assault and use whatever means lay within his power. (*People* v. *Liquori,* 284 N. Y. 309.) Concededly, claimant was shot at the instant that he turned to the right. This is further substantiated by the path of the bullet. The whole incident took place in a matter of seconds. The officer was obviously in serious danger and had little time to reflect upon any movement of the claimant in the presence of the uplifted pipe in the hand of claimant. Under these circumstances, we see no evidence that the officer acted in a negligent manner in shooting claimant, and no basis for disturbing the findings of the trial court. (*Toomey* v. *New York City Tr. Auth.,* 6 A. D 2d 906; cf. *Herndon* v. *City of Ithaca,* 43 A D 2d 634.) On this record, claimant also failed to establish freedom from contributory negligence. Admittedly, claimant, who had a male companion in his apartment, without ascertaining what was transpiring in the hallway or advising his companion, grabbed a pipe, unlocked his door and, without a word, swung the pipe at the unknown man in the hall whose back was to him and pursued him striking again as he proceeded. Here, claimant, in so acting, should have reasonably foreseen that the man in the hallway whom he allegedly thought to be a burglar might be armed and thereby invited the hazard of being injured or shot. In proceeding without warning to attack this unknown person, he knowingly exposed himself to all of the hazards that the unknown person might invoke in self-defense. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.